**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DOREEN K. KINGSLEY,
            Appellant,

      v.

OFFICE OF PERSONNEL
    MANAGEMENT,
            Agency.

DOCKET NUMBER
SF-0845-19-0522-I-1

DATE: May 31, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Doreen K. Kingsley, Norco, California, pro se.

Michael Shipley, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which affirmed the decision of the Office of Personnel Management (OPM) finding that she had received an annuity overpayment and was not entitled to a waiver. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact;

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The appellant suffered a compensable injury in January 2012, and received Federal Employees' Compensation Act (FECA) disability benefits from the Office of Workers' Compensation Programs (OWCP) beginning February 28, 2012. Initial Appeal File (IAF), Tab 5 at 72-73. Thereafter, the appellant applied for disability retirement benefits from OPM, and OPM approved her application in October 2015. *Id.* at 160-70, 179-81. On November 16, 2015, the appellant elected to receive FECA benefits in lieu of FERS disability benefits. *Id.* at 98. In March 2018, the appellant changed her election, opting to receive FERS retirement benefits instead of FECA benefits, effective at the end of that month. *Id.* at 89. On April 18, 2018, OWCP notified OPM of the appellant's new election, and instructed OPM to commence her monthly annuity payments on April 1, 2018. *Id.* at 87-88.

On July 25, 2018, OPM authorized interim payments to the appellant while it processed her application for benefits, issuing a gross payment of $19,411.00 covering the period from October 11, 2017, to July 30, 2018. *Id.* at 42. Less than

3 weeks later, on August 14, 2018, OPM notified the appellant that it had overpaid her $12,549.44 in annuity benefits. *Id.* at 46. OPM set a repayment schedule of 36 monthly payments of $348.59 and a final payment of 20 cents. *Id.* at 40. The appellant requested that OPM reconsider the existence or the amount of the overpayment and either waive the overpayment or allow her to repay it in lower installments. *Id.* at 40-41. OPM issued a May 1, 2019 final decision affirming its initial decision finding an overpayment of $12,549.44, but reducing the collection schedule from $348.59 to $250.00 a month. *Id.* at 21-24.

The appellant subsequently filed this appeal. IAF, Tab 1. Among other things, she argued that she was without fault with regard to the overpayment, and that recovery would be unconscionable. IAF, Tab 7 at 2. The appellant argued that the repayment schedule caused her financial hardship as it required her to borrow from her family to survive. *Id.* at 4. She also contended that OPM miscalculated her disability retirement annuity, which she argued contributed to the amount of the overpayment, asserting that OPM should have paid her 60% of her former salary, not 40%, after her OWCP payments stopped and she began receiving OPM disability retirement benefits at the end of March 2018. *Id.* at 3.

The administrative judge held a telephonic hearing. IAF, Tab 18. She found that OPM established the existence of the overpayment, in the amount of $12,549.44. IAF, Tab 19, Initial Decision (ID) at 3-5. She also found that the appellant was not entitled to a waiver of the overpayment, determining that the appellant failed to establish by substantial evidence that she was not without fault in creating it, because she should have known that OPM's interim payment was for more than she was entitled. ID at 5-6. Lastly, the administrative judge found that adjustment of the repayment schedule was not warranted because the appellant's income exceeded her monthly expenses. ID at 6-10. Thus, the administrative judge affirmed OPM's reconsideration decision. ID at 10.

In her petition for review, the appellant argues that the administrative judge failed to consider that her income has been reduced by OPM's collection of the

overpayment.[2]  Petition for Review (PFR) File, Tab 2 at 4.  She asserts that the monthly expenses considered by the administrative judge did not account for taxes or a 10% tithe she contributes to her church.  *Id.* at 5-6.  The appellant also argues that, because she turned 62 in April 2019, OPM should pay her a regular, not disability, retirement annuity, but has failed to do so.  *Id.* at 4-5.  She provides a calculation of what she believes should be her annuity at age 62, which she acknowledges differs from OPM's calculation, and she requests that the Board have OPM resolve the discrepancy.  *Id.* at 4-5, 17.  The agency has filed a response to the appellant's petition for review.  PFR File, Tab 5.

## DISCUSSION OF ARGUMENTS ON REVIEW

The administrative judge correctly found that OPM proved the existence and amount of the overpayment.

OPM bears the burden of proving the existence and amount of an annuity overpayment by preponderant evidence.  *Vojas v. Office of Personnel Management*, 115 M.S.P.R. 502, ¶ 10 (2011); 5 C.F.R. § 845.307(a). The administrative judge found that OPM met its burden to establish the existence and amount of the overpayment, $12,549.44, which she determined had resulted from OPM issuing the appellant an interim annuity payment that included payment of FERS benefits covering a time period for which she had already received FECA payments from OWCP, October 11, 2017, to March 31, 2018. ID at 5-6; IAF, Tab 5 at 42, 72.  On review, the appellant does not challenge the existence or amount of the overpayment.  PFR File, Tabs 1-2.  We agree with the administrative judge that OPM's error as to the date on which to switch the appellant from FECA benefits to OPM benefits resulted in the appellant's overpayment.  ID at 5-6.

---

[2] The appellant contends that OPM collected $348.59 from her annuity payment before it suspended its collection efforts, and that, as of the October 25, 2019 date of her petition for review, had not repaid her.  Petition for Review (PFR) File, Tab 2 at 5. However, OPM has submitted evidence with its response to the appellant's petition for review indicating that it repaid the $348.59 to the appellant on October 29, 2019. PFR File, Tab 5 at 6.  The appellant has not challenged OPM's assertion.

The appellant also does not challenge the administrative judge's finding that OPM properly paid her a disability retirement annuity comprising 40% of her average pay once she began receiving OPM retirement benefits instead of FECA benefits on April 1, 2018. ID at 4-5. As the administrative judge observed, because OPM granted the appellant's disability retirement effective in October 2015, had she not opted for OWCP benefits, she would have received 60% of her average salary for 12 months from that date, and then 40% of her average salary until she reached 62 years of age. *Id.*; IAF, Tab 5 at 179-81; *see* 5 C.F.R. §§ 844.301, 844.302(b)(1), (c)(1). Because she chose to begin receiving OPM disability retirement benefits as of April 1, 2018, which was more than 12 months after the approval of her disability retirement application, OPM properly calculated her disability annuity as 40% of her average salary. IAF, Tab 5 at 87-89, 179-80; 5 C.F.R. §§ 844.301, 844.302(b)(1), (c)(1). Thus, we agree with the administrative judge that OPM correctly calculated the appellant's disability retirement annuity. ID at 4-5. As noted above, the appellant does not challenge these findings on review, and we discern no reason to disturb the administrative judge's findings on these issues.

<u>The administrative judge correctly found that the appellant is not entitled to a waiver of the overpayment</u>.

If OPM meets its burden, the appellant then has the burden of proving by substantial evidence that she is entitled to a waiver or adjustment of the overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. §§ 845.307(b), 1201.56(b)(2)(ii). Recovery of an overpayment may be waived when the annuitant is without fault and recovery would be against equity and good conscience. 5 U.S.C. § 8470(b); *Vojas*, 115 M.S.P.R. 502, ¶ 18; 5 C.F.R. § 845.301. A recipient of an overpayment is without fault if she performed no act of commission or omission that resulted in the overpayment. *Vojas*, 115 M.S.P.R. 502, ¶ 19; 5 C.F.R. § 845.302. Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that she

relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances. *Boone v. Office of Personnel Management*, 119 M.S.P.R. 53, ¶ 5 (2012); 5 C.F.R. § 845.303.

The administrative judge observed that OPM had inexplicably based its July 25, 2018 interim payment to the appellant on a start date of October 11, 2017, instead of the April 1, 2018 start date that OWCP instructed it to use based on the appellant's election to receive benefits under FERS rather than FECA. ID at 5; IAF, Tab 5 at 42. 87, 89. For that reason, as noted above, she found that the appellant should have known that OPM's interim payment was for more than she was entitled. ID at 5-6. OPM policy provides that individuals who know or suspect that they are receiving overpayments are expected to set aside the amount overpaid pending recoupment, and that in the absence of exceptional circumstances, which do not include financial hardship, recovery in these cases is not against equity and good conscience. *Boone*, 119 M.S.P.R. 53, ¶ 6.

Because the appellant indicated on her March 2018 election form that she understood that she may not receive FECA and FERS benefits concurrently, IAF, Tab 5 at 89, and OPM's interim annuity payment indicated that it was based on an October 11, 2017 start date, *id.* at 42, 72, we agree with the administrative judge that the appellant should have suspected that she received an overpayment and set it aside pending recoupment, ID at 6; *Boone*, 119 M.S.P.R. 53, ¶ 6. Accordingly, there is no basis to waive recovery of the overpayment.

In her petition for review, the appellant asserts that the adjusted monthly payments of $250.00, which OPM established in its final decision, are still too much for her to afford. PFR File, Tab 2 at 5; IAF, Tab 5 at 23. She asserts that the expenses reviewed by the administrative judge to determine her ability to repay the overpayment neglected to consider taxes of $75.00 per month and a $200.00 monthly tithe that she contributes to her church. PFR File, Tab 2 at 5. The administrative judge found that the circumstances did not warrant adjustment

of the repayment schedule because the appellant's monthly income exceeded her reasonable monthly expenses. ID at 6-10. Specifically, she found that the appellant had $3,178.00 in income, $2,021.00 from her FERS annuity and $1,157.00 from Social Security, and that she had $2,348.27 in approved expenses, such that her income exceeded her approved expenses by $829.73. ID at 7-9. Thus, even if we were to add the $275.00 in additional expenses identified by the appellant on review, her monthly income would still exceed her monthly expenses by $554.73 ($3,178.00 - $2,623.27). Additionally, we observe that even adding the $250.00 monthly installment established by OPM to repay the overpayment, the appellant's income still exceeds her approved expenses.

The Board lacks jurisdiction over the appellant's claim that OPM has failed to redetermine her annuity after age 62.

Under 5 U.S.C. § 8452(b), a disability annuitant's benefit is "redetermined" upon reaching age 62 so that it would equal the regular annuity she would be entitled to under 5 U.S.C. § 8415, if she had remained an employee during the time she was receiving disability retirement benefits. The appellant turned 62 in April 2019. ID at 7 n.5; PFR File, Tab 2 at 4, 9. At the hearing, the appellant raised the redetermination issue, arguing that the income used to determine her ability to pay was not accurate because OPM did not correctly recompute her income at age 62. ID at 7 n.5; IAF, Tab 18, Hearing Compact Disc (testimony of the appellant). The administrative judge observed that the appellant may seek an adjustment of her repayment schedule in the future in accordance with OPM's guidelines. ID at 7 n.5.

On review, the appellant claims that OPM has still not redetermined her annuity, despite her emails and phone calls requesting that it do so. PFR File, Tab 2 at 4-5. She reiterates her argument that the administrative judge determined her ability to repay the overpayment based on her disability retirement income, not the income she expects to receive once her annuity is redetermined based on her reaching 62 years of age. *Id.* at 5. She requests that

the Board either guarantee that her income will not be reduced, which she acknowledges may cause another overpayment, or to "[o]therwise, fix it." *Id.* at 5.

However, the Board does not have the authority to order OPM to calculate and pay an annuity absent a final decision by OPM, and, with exceptions not pertinent in this matter, the Board generally lacks jurisdiction to hear an appeal of a retirement matter when OPM has not issued a reconsideration decision on the matter. *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010). The record does not reflect that OPM has issued a final decision concerning this issue, the calculation of the appellant's regular retirement annuity at age 62. When OPM does so, the appellant may appeal that decision to the Board.[3] *See* 5 U.S.C. § 8461(e); 5 C.F.R. § 841.308.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

_____

[3] The appellant also argues on review, as she did below, that OWCP withheld more for her life insurance premiums than it should have. PFR File, Tab 2 at 6; IAF, Tab 7 at 22-23. However, the Board lacks jurisdiction over such a claim. *Kostishak v. Office of Personnel Management*, 101 M.S.P.R. 422, ¶ 5 (2006) (Board jurisdiction under FERS does not authorize appeals from claims relating to the Federal Employees Group Life Insurance Act, chapter 87, title 5, U.S. Code).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives</u> this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    *Gina K. Grippando*
                        _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.